Churchill, J.
The point upon which the appellant’s counsel seems to rest his appeal is that the judgment-creditor, respondent in this case, the lien of whose judgment had been partially suspended by an order of the court under section 1256 of the Code, is to be deemed to have elected to accept the security furnished to stay proceedings on appeal, instead of her hen upon real estate, and that she is now bound by that election. But the respondent has made no such election. The proceeding under section 1256 is not taken for the benefit of the judgment-creditor, but of the judgment-debtor. It is against the interest of the creditor and his opposition is to be presumed. It is true it appears in this case, that the respondent, whose attorney had notice of the application to "suspend the hen, did not appear to oppose it. But it also appears that the matter stated in the affidavit of the judgment-debtor upon which the application was founded were substantially true, and the attorney-may very well have judged that the court in its discretion would probably grant the rehef asked for, and that it was not advisable to incur for his chent the expense of appearing to oppose it.
The appellant, King, has equitably a right to require that the respondent shah exhaust her other remedies before resorting to the surplus money in dispute. But that has been fully provided for by the order from which this appeal is taken.
The order appealed from should be affirmed with usual costs and disbursements.
Daniels and Brady, JJ., concur.